UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ETRANSMEDIA TECHNOLOGY, INC., VIKRAM AGRAWAL, VIKASH AGRAWAL, BRENDAN HARNETT, BHAGWATI PRASAD AGRAWAL, SATYA BALA AGRAWAL, VIKASH AGRAWAL FAMILY 2013 GRANTOR RETAINED ANNUITY TRUST, VIKRAM AGRAWAL FAMILY 2013 GRANTOR RETAINED ANNUITY TRUST, AGRAWAL FAMILY 2013 GRANTOR RETAINED ANNUITY TRUST, VIKASH AGRAWAL CHARITABLE REMAINDER TRUST, VIKRAM AGRAWAL CHARITABLE REMAINDER TRUST, and AGRAWAL FAMILY CHARITABLE REMAINDER TRUST, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 17 C 4383  Judge Gary Feinerman |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| ALLSCRIPTS HEALTHCARE, LLC, | ) ) | |
| Defendant. | ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Etransmedia Technology, Inc., together with several entities and individuals that used to own its shares ("Former Shareholders"), brought this diversity suit against Allscripts Healthcare, LLC, alleging that Allscripts made fraudulent representations, used unfair and deceptive trade practices, and breached its contract with Etransmedia in an effort to pilfer Etransmedia's clients. Doc. 1. Allscripts moves to dismiss the suit under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Doc. 14. The motion is granted in part and denied in part.

**Background**

On a facial challenge to subject matter jurisdiction under Rule 12(b)(1), as on a Rule 12(b)(6) motion, the court must accept as true the complaint's well-pleaded factual allegations,

with all reasonable inferences drawn in Etransmedia's favor, but not its legal conclusions. *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 785 (7th Cir. 2014); *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Etransmedia's brief opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013). The facts are set forth as favorably to Etransmedia as those materials allow. *See Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016). In setting forth those facts at the pleading stage, the court does not vouch for their accuracy. *See Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 384 (7th Cir. 2010).

Etransmedia and Allscripts were parties to a contract. Doc. 1 at ¶ 40. In May 2015, Etransmedia brought an arbitration action before the American Arbitration Association ("AAA") against Allscripts pursuant to the contract's arbitration provision, which provided that any disputes would resolved by arbitration in North Carolina "in accordance with the law of the state of North Carolina and the rules of the American Arbitration Association." *Allscripts Healthcare, LLC v. Etransmedia Tech., Inc.*, 188 F. Supp. 3d 696, 698 (N.D. Ill. 2016) (quoting the contract in a related case brought by Allscripts against Etransmedia). In August 2016, the Former Shareholders entered into a Stock Purchase Agreement in which they sold their Etransmedia shares to a buyer but retained "sole control" over the "Allscripts Litigation," including "the right to any and all amounts collected." Doc. 25 at pp. 58-59, § 5(l)(i)-(ii). The Former Shareholders also promised to "indemnify [Etransmedia and the buyer] … for all Losses" arising out of the litigation. *Id.* at § 5(l)(i).

Allscripts argued to the arbitration panel that, given this transaction, the arbitration agreement between Etransmedia and Allscripts no longer governed the claims that Etransmedia had brought against Allscripts. The panel agreed. Doc. 15-1. The panel observed that because "[Etransmedia] effectively transferred its interest in the outcome of this arbitration to" the Former Shareholders, Etransmedia "no longer had any significant interest in the outcome of this arbitration, and [Etransmedia] ceased to be the real party in interest herein." *Id*. at 4, 5. The panel further observed that while the contract provided for arbitration between Etransmedia and Allscripts, "[t]here [was] no agreement to arbitrate between the [F]ormer [S]hareholders … and [Allscripts]." *Id*. at 5. The panel concluded that because the Former Shareholders "are now the real parties in interest here, not [Etransmedia]," the panel "[was] without jurisdiction to hear and decide the claims asserted in this arbitration." *Ibid*. For reasons unexplained, Etransmedia did not seek to modify or vacate the panel's decision. Doc. 20 at 9-10.

Two months later, Etransmedia and the Former Shareholders filed this suit, bringing here the claims that Etransmedia had brought against Allscripts in the arbitration. Doc. 20 at 7.

### Discussion

Allscripts argues that Etransmedia lacks standing and that the complaint states no claim on behalf of the Former Shareholders.

## I.    Whether Etransmedia Has Standing

Allscripts first contends that the issue preclusion doctrine requires this court to hold that Etransmedia lacks "standing" to bring its claims in federal court. Doc. 15 at 4-6. According to Allscripts, the arbitration panel held that Etransmedia is not a real party in interest, which in turn (again, according to Allscripts) means that Etransmedia lacks standing. And that ruling, Allscripts concludes, has preclusive effect in this suit.

Because this suit was filed in an Illinois federal court, Illinois choice of law principles govern. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Those principles honor the choice of law clause in the Allscripts-Etransmedia contract, which, as noted above, provides that North Carolina law governs. *See Dancor Const., Inc. v. FXR Const., Inc.*, 64 N.E.3d 796, 812-13 (Ill. App. 2016); *Restatement (Second) of Conflict of Laws* § 187 (1971). And because North Carolina law governs the contract and the contract gave rise to the arbitration, the preclusive effect of the arbitration panel's decision is determined by North Carolina law. *See Restatement (Second) of Conflict of Laws* § 95 ("What issues are determined by a valid judgment is determined … by the law of the State where the judgment was rendered."); *Osco Motors Co. v. Marine Acquisition Corp.*, 2014 WL 2875374, at *11-12 (D. Del. June 24, 2014) (applying § 95 to an arbitral decision).

North Carolina law gives preclusive effect to arbitration awards. *See Whitlock v. Triangle Grading Contractors Dev., Inc.*, 696 S.E.2d 543, 546 (N.C. App. 2010) ("[C]ollateral estoppel may apply to [an] unconfirmed arbitration award."). North Carolina law further provides that issue preclusion applies where "the earlier suit resulted in a final judgment on the merits, … the issue in question was identical to an issue actually litigated and necessary to the judgment, and … both [the defendant] and [the plaintiff] were either parties to the earlier suit or were in privity with parties." *Turner v. Hammocks Beach Corp.*, 681 S.E.2d 770, 773-74 (N.C. 2009) (citation omitted). And although the arbitration panel styled its dismissal of Etransmedia's arbitration claims as a dismissal for lack of jurisdiction, jurisdictional dismissals "still operate[]" under North Carolina law "to bar relitigation of issues actually decided by that former judgment." *Stroock, Stroock & Lavan LLP v. Dorf*, 2010 WL 532911, at ¶ 31 (N.C. Super. Ct. Feb. 16, 2010) (quoting *Goldsmith v. Mayor & City Council of Baltimore*, 987 F.2d 1064, 1069

(4th Cir. 1993)); *see also Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999) ("[A] jurisdictional dismissal is res judicata on the jurisdictional issue.").

Allscripts's preclusion argument fails for two reasons. First, the arbitration panel held that Etransmedia was not a real party in interest, not under federal law, but under North Carolina law. Doc. 15-1 at 3 (citing *Anderson v. SeaScape at Holden Plantation*, 773 S.E.2d 78, 87 (N.C. App. 2015); *Beachcomber Props., L.L.C. v. Station One, Inc.*, 611 S.E.2d 191, 193-94 (N.C. App. 2005)). As the North Carolina precedents cited by the arbitration panel provide, North Carolina procedural law holds that "the proper plaintiff to bring a civil action is a 'real party in interest.'" *Anderson*, 773 S.E.2d at 87 (citing N.C. Gen. Stat. § 1-57 (2013)); *see also* N.C. Gen. Stat. § 1A-1, Rule 17 ("Every claim shall be prosecuted in the name of the real party in interest … ."). Relying on a North Carolina case stating that "[a] real party in interest is one who benefits from or is harmed by the outcome of the case," *Beachcomber Props.*, 611 S.E.2d at 193, the panel concluded that the Stock Purchase Agreement deprived Etransmedia of its status as a real party in interest because the Former Shareholders would collect any judgment and indemnify Etransmedia for any loss. Doc. 15-1 at 4-5.

That ruling has no preclusive effect in federal court. A federal court in a diversity case applies federal procedural rules. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78-80 (1938). Consequently, a "state[] procedural statute or rule defining the real-party-in-interest concept is not applicable [in federal court] … because it only governs who may sue in the state courts." 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1544 (3d ed. 2010); *see Krueger v. Cartwright*, 996 F.2d 928, 931-32 (7th Cir. 1993) (applying federal law to identify the real party in interest, and noting that "while the nature of the interest sought to be enforced is determined by state substantive law, the issues of joinder and whether or not the

court should proceed in the absence of an interested party are matters of federal law") (citation omitted); *Key Constructors, Inc. v. Harnett Cnty.*, 315 F.R.D. 179, 182 (E.D.N.C. 2016) (stating that "[f]ederal law," not North Carolina law, "governs who is the real party in interest"). In this court, then, Federal Civil Rule 17(a), not North Carolina's analog, determines whether Etransmedia is a real party in interest.

That distinction matters because the federal standard for identifying a real party in interest differs materially from the North Carolina standard, at least as the arbitration panel understood the North Carolina standard. Under Federal Civil Rule 17(a), the real party in interest is the person who, "by the substantive law, possesses the right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery." *Illinois v. Life of Mid-Am. Ins. Co.*, 805 F.2d 763, 764 (7th Cir. 1986) (internal quotation marks omitted); *see also CWCapital Asset Mgmt., LLC v. Chi. Props., LLC*, 610 F.3d 497, 500-01 (7th Cir. 2010) (noting that "an assignee for collection, who must render to the assignor the money collected by the assignee's suit on his behalf … can sue in his own name without violating Rule 17(a)"); Wright & Miller, *supra*, § 1543 ("[T]he action will not necessarily be brought in the name of the person who ultimately will benefit from the recovery."). As long as a party possesses the legal right being asserted, it does not matter that the proceeds of the litigation have been promised to someone else. Thus, the circumstance that the arbitration panel thought dispositive under North Carolina law, that Etransmedia no longer had any direct material interest in the resolution of the Allscripts litigation, does not deprive Etransmedia of real-party-in-interest status under federal law. And because the arbitration panel applied North Carolina real-party-in-interest law, its decision is not preclusive where, as here, federal law applies. *See Beckwith v. Llewellyn*, 391 S.E.2d 189, 191 (N.C. 1990) ("A very close examination of matters actually litigated must be

made in order to determine if the underlying issues are in fact identical. If they are not identical, then the doctrine of collateral estoppel does not apply."); *see also B&B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1306 (2015) ("[I]ssues are not identical if the second action involves application of a different legal standard … .") (internal quotation marks omitted).

The second reason that Allscripts's issue preclusion argument fails is this: Even if the arbitration panel had decided that Etransmedia was not a real party in interest under Federal Civil Rule 17(a), it would not follow that Etransmedia lacks standing to pursue this suit. Lack of standing is frequently confused with not being a real party in interest, but the two concepts are distinct. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 (2005) ("Both Rules [17(a) and 19] address party joinder, not federal-court subject-matter jurisdiction."); *Frank v. Hadesman & Frank, Inc.*, 83 F.3d 158, 159 (7th Cir. 1996) ("Frank's problem is not standing (in the sense that the complaint does not allege a 'case or controversy' justiciable under Article III) but the identity of the real party in interest."). As noted, in federal court, the real party in interest is "the person who possesses the right or interest to be enforced through litigation." *RK Co. v. See*, 622 F.3d 846, 850 (7th Cir. 2010). By contrast, to establish standing, a plaintiff need not identify a particular cause of action that might entitle her to relief. *See Morrison v. YTB Int'l, Inc.*, 649 F.3d 533, 536 (7th Cir. 2011) ("That a plaintiff's claim under his preferred legal theory fails has nothing to do with subject-matter jurisdiction."). As long as the complaint alleges that the defendant injured the plaintiff in some concrete way and requests a valid form of judicial relief to remedy the injury, Article III is satisfied. *See ibid*. ("Plaintiffs allege that they are victims of a pyramid scheme that saddled them with financial loss, which YTB caused. The judiciary can redress that injury by ordering YTB to pay money to the victims. Nothing more is required for standing.").

Consequently, a plaintiff may have standing to seek relief for the defendant's alleged misconduct even though it has no viable statutory or common law right to obtain that relief. For example, if a creditor assigns a delinquent debt to a third party, then the creditor no longer possesses the right to enforce the debt, but she still has standing because she was injured by the debtor's nonpayment and her injury could be redressed through money damages. *See Cranpark, Inc. v. Rogers Grp., Inc.*, 821 F.3d 723, 733 (6th Cir. 2016) ("Just as White forfeited his proprietary interest in the check by assigning it to the company, RGI argues Cranpark has done the same with its legal claims. This, however, implicates Rule 17 not Article III."). So, too, here. Accordingly, even if Allscripts were correct that Etransmedia is no longer a real party in interest under Federal Civil Rule 17 because it assigned all of its causes of action to the Former Shareholders, Etransmedia still alleges that it was injured by Allscripts and asks for money damages to redress the injury. Article III requires no more. *See Morrison*, 649 F.3d at 536.

## II.      Whether The Complaint States Claims By The Former Shareholders

Allscripts next contends that the complaint does not assert any claims or seek any relief on behalf of the Former Shareholders, who therefore are not proper plaintiffs. Doc. 15 at 6. Civil Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), but the complaint does not identify any claims by the Former Shareholders. Only Etransmedia asserts claims and seeks relief. Doc. 1 at ¶¶ 106-176. True, the complaint lists the Former Shareholders as parties, *id.* at ¶¶ 23-25, but it does not actually allege that they in fact are Etransmedia's former shareholders or explain how they might recover from Allscripts.

The Former Shareholders' only response is that because the arbitration panel determined them to be the real parties in interest, "[u]nder [Rule] 17, the Former Shareholders have been

properly named as Plaintiffs with respect to Etransmedia's claims."  Doc. 20 at 8.  As explained

above, the arbitration panel did not rule that the Former Shareholders are real parties in interest

under Federal Civil Rule 17.  Even if the panel had done that, the Former Shareholders still

would need to allege that Allscripts injured them and to identify their claims.  The Former

Shareholders are therefore dismissed from the case, but the dismissal is without prejudice to

repleading.  *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d

510, 519 (7th Cir. 2015) ("Ordinarily, … a plaintiff whose original complaint has

been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her

complaint before the entire action is dismissed.").  This disposition renders it unnecessary to

address Allscripts's other arguments for dismissing the Former Shareholders' claims.

### Conclusion

For these reasons, Allscripts's motion to dismiss is granted in part and denied in part.

The Former Shareholders are dismissed without prejudice.  Plaintiffs have until January 24, 2018

to file an amended complaint.  If Plaintiffs file an amended complaint, Allscripts shall file its

response by February 7, 2018.  If Plaintiffs do not file an amended complaint, the dismissal of

the Former Shareholders will convert automatically to a dismissal with prejudice, and Allscripts

shall answer the surviving portions of the complaint by January 31, 2018.

January 3, 2018

_____
United States District Judge