UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ETRANSMEDIA TECHNOLOGY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 17 C 4383 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| ALLSCRIPTS HEALTHCARE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**M<small>EMORANDUM</small> O<small>PINION AND</small> O<small>RDER</small>**

Etransmedia Technology, Inc. and its former shareholders brought this diversity suit against Allscripts Healthcare, LLC, alleging breach of contract and various torts. Doc. 1. Early in the litigation, the court dismissed the former shareholders as party plaintiffs. Doc. 39-40 (reported at 2018 WL 278719 (N.D. Ill. Jan. 3, 2018)). With discovery closed, Allscripts moves for summary judgment, Doc. 127, Etransmedia moves for partial summary judgment as to certain liability issues, Doc. 122, and each moves to strike portions of the other's Local Rule 56.1 materials, Docs. 141, 148. Allscripts's summary judgment motion is granted, and the other motions are denied.

**Background**

As the parties have cross-moved for summary judgment, the court ordinarily would view the facts in the light most favorable to Etransmedia when considering Allscripts's motion and in the light most favorable to Allscripts when considering Etransmedia's motion. *See First State Bank of Monticello v. Ohio Cas. Ins. Co.*, 555 F.3d 564, 567 (7th Cir. 2009) ("[B]ecause the district court had cross-motions for summary judgment before it, we construe all facts and inferences therefrom in favor of the party against whom the motion under consideration is

1

made.") (internal quotation marks omitted). But because the court will grant summary judgment to Allscripts, the facts are set forth as favorably to Etransmedia as the record and Local Rule 56.1 permit. *See Garofalo v. Vill. of Hazel Crest*, 754 F.3d 428, 430 (7th Cir. 2014). At this juncture, the court must assume the truth of those facts, but does not vouch for them. *See Gates v. Bd. of Educ. of Chicago*, 916 F.3d 631, 633 (7th Cir. 2019).

Etransmedia entered into a "Partner Agreement" with Misys Healthcare Systems in 2008, and Allscripts later merged with Misys and succeeded to its rights and obligations under the Agreement. Doc. 147 at p.16, ¶ 24. The Agreement concerns Etransmedia's resale of Allscripts software. *Id*. at p. 24, ¶ 25. In 2015, Etransmedia brought an arbitration action before the American Arbitration Association against Allscripts pursuant to the Agreement's arbitration provision, alleging breach of contract and various torts. *Id*. at pp. 42-43, ¶¶ 60-61.

In 2016, while arbitration was pending, Etransmedia's then-shareholders—referred to by the parties as the "Agrawals"—sold their shares to Formativ Health, Inc. pursuant to a Stock Purchase Agreement ("SPA"). *Id*. at p. 4, ¶ 11. Section 5(*l*) of the SPA—which refers to the Agrawals as the "Sellers"—provides that the Agrawals would retain "sole control" over the "Allscripts Litigation," including "the right to any and all amounts collected," and would indemnify Etransmedia for any losses. *Id*. at p. 8, ¶ 16; Doc. 120-1 at 57-58.

In the view of Nick Stefanizzi, Formativ's corporate representative and chief administrative officer, the Agrawals and Formativ "negotiated … provisions in [the SPA] that essentially carved [the Allscripts] litigation out of the purchase and left it with the Agrawals." Doc. 147 at pp. 9-10, ¶ 17; Doc. 120-2 at 11. Stefanizzi added that, "as far as I was concerned, as a member of the [Formativ] executive team, Allscripts litigation was a non-thing for us from [the closing date] forward." Doc. 147 at p. 10, ¶ 17; Doc. 120-2 at 34. Stefanizzi further added:

2

> When I think about [the Allscripts] litigation, I don't think about it as Etransmedia. The way I think about it is that this is the Agrawal dispute with Allscripts. The Agrawals … have a strategy and are making decisions relative to that because this litigation was carved out of what we purchased. … That's my view of who is making the decisions.
>
> * * *
>
> My understanding is that the [SPA] spoke to the fact that this was [the Agrawals'] responsibility, their responsibility, their risk, their potential for upside, that it lived with them, it did not come with the company.

Doc. 147 at pp. 11-12, ¶ 18; Doc. 120-2 at 13-14. When apprised of the SPA, the arbitration panel dismissed Etransmedia's claims against Allscripts, reasoning that the SPA's terms deprived Etransmedia of its status as the real party in interest under North Carolina law. Doc. 147 at p. 49, ¶ 72; Doc. 120-14 at 3-5; 2018 WL 278719, at *1.

Etransmedia and the Agrawals then filed this suit. Doc. 1. Allscripts moved to dismiss Etransmedia's claims on "standing" grounds, arguing that the arbitration panel's holding on the real-party-in-interest issue was binding here. Doc. 15 at 4-6. The court denied the motion, reasoning that North Carolina law concerning real parties in interest is materially different from the requirements of Civil Rule 17(a) and that, in any event, even a real-party-in-interest problem under Rule 17(a) would not implicate Article III standing. 2018 WL 278719, at *2-4. Allscripts also moved to dismiss the Agrawals' claims on the ground that the complaint, while naming the Agrawals as party plaintiffs, did not assert any claims or seek any relief on their behalf. Doc. 15 at 6. The court granted that motion, dismissing the Agrawals' claims without prejudice because the complaint did not "allege that Allscripts injured them [or] … identify their claims." 2018 WL 278719, at *4. The court did not reach any conclusion—because Allscripts's motion did not present the issue—as to whether Etransmedia and/or the Agrawals were real parties in interest under Rule 17(a).

3

The court gave the Agrawals leave to amend and warned that if they did not file an amended complaint within three weeks, the dismissal of their claims would convert automatically to a dismissal with prejudice. *Ibid.*; Doc. 39. The Agrawals never filed an amended complaint, resulting in the dismissal with prejudice of their claims and leaving Etransmedia as the sole plaintiff.

## Discussion

Allscripts seeks judgment against Etransmedia on the ground, among others, that Etransmedia is not a real party in interest under Rule 17(a). Doc. 119. Rule 17(a)(1) provides that "[a]n action must be prosecuted in the name of the real party in interest," Fed. R. Civ. P. 17(a)(1)—that is, of the person who owns the claim. *See Frank v. Hadesman & Frank, Inc.*, 83 F.3d 158, 159-60 (7th Cir. 1996) (internal quotation mark omitted). In determining the real party in interest, the key consideration is not "who will ultimately benefit from the recovery," but rather who, "by the substantive law, possesses the right sought to be enforced." *Illinois v. Life of Mid-Am. Ins. Co.*, 805 F.2d 763, 764 (7th Cir. 1986) (internal quotation marks omitted); *see also CWCapital Asset Mgmt., LLC v. Chicago Props., LLC*, 610 F.3d 497, 500-01 (7th Cir. 2010) (noting that "an assignee for collection, who must render to the assignor the money collected by the assignee's suit on his behalf … can sue in his own name without violating Rule 17(a)"); 6A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1543 (3d ed. 2010) ("[T]he action will not necessarily be brought in the name of the person who ultimately will benefit from the recovery.").

"The federal courts … have been in full accord in holding that the unconditional assignee of a complete chose in action is the real party in interest and suit must be brought in his name." *Overseas Dev. Corp. v. Sangamo Const. Co.*, 686 F.2d 498, 505 n.17 (7th Cir. 1982) (quoting 3A

4

James Wm. Moore et al., Moore's Federal Practice ¶ 17.09(1.-1) at 17-84 (2d ed. 1982) (now found at 4 James Wm. Moore et al., Moore's Federal Practice § 17.11[1][a] (3d ed. 2019)); *see also id*. at 505 (holding that the valid assignee, and not the assignor, "was the real party in interest for purposes of Rule 17(a)"); *Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 763 (7th Cir. 2008) ("[F]ollowing a valid assignment of a chose in action, a corporation may not bring an action to enforce the rights assigned."). "There may be multiple real parties in interest for a given claim. For example, when a party partially assigns the right to a claim, the assignor and the assignee each retain an interest in the claim and are both real parties in interest." *Act II Jewelry, LLC v. Wooten*, 301 F. Supp. 3d 905, 911-12 (N.D. Ill. 2018) (quoting 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 17(a)).

      As Etransmedia notes, Doc. 146 at 13, and Allscripts does not contest, the SPA is governed by New York law, and therefore New York law concerning the assignment of a cause of action applies here. Under New York law, "[t]o assign a claim effectively, the claim's owner must manifest an intention to make the assignee the owner of the claim." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 418 (2d Cir. 2015) (internal quotation marks omitted). "A would-be assignor need not use any particular language to validly assign its claim so long as the language manifests [its] intention to transfer at least title or ownership, i.e., to accomplish a completed transfer of the entire interest of the assignor in the particular subject of assignment." *Ibid*. (emphasis and internal quotation marks omitted); *see also Martha Graham Sch. & Dance Found., Inc., v. Martha Graham Ctr. of Contemporary Dance, Inc.*, 43 F. App'x 408, 412-13 (2d Cir. 2002) ("Under New York law, a valid assignment does not require incantation of any special language. Indeed, the word assignment need not be used and the assignment may be oral.") (citations omitted) (citation not prohibited by 2d Cir. Rule

5

32.1.1(b)(2)); *Caribe Carriers, Ltd. v. C.E. Heath & Co.*, 784 F. Supp. 1119, 1126 (S.D.N.Y. 1992) ("No particular words or phrases are necessary to effect an assignment. A valid assignment merely requires a completed transfer of the entire interest of the assignor that divests the assignor of all control over the right assigned.") (citation omitted).

As noted, a contract that merely transfers one entity's right to a claim's proceeds to another entity does not deprive the first entity of real-party-in-interest status. *See Life of Mid-Am. Ins. Co.*, 805 F.2d at 764; *CWCapital Asset Mgmt.*, 610 F.3d at 500-01. Likewise, "[t]he grant of a power of attorney" from the claim's owner to the grantee "is not the equivalent of an assignment of ownership." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 17-18 (2d Cir. 1997); *see also Cortland Street Recovery*, 790 F.3d at 418 (holding that a contract granting "the power to commence and prosecute to final consummation or compromise any suits, actions or proceedings … may validly create a power of attorney, but … would not validly assign a claim, because it does not purport to transfer title or ownership") (internal quotation marks omitted). By contrast, an assignment of a legal claim occurs—depriving the assignor of real-party-in-interest status—where the contract provides that the "assignor is divested of all control and right to [the] cause of action and the assignee is entitled to control it and receive its fruits." *Miller v. Wells Fargo Bank Int'l Corp.*, 540 F.2d 548, 557 (2d Cir. 1976) (internal quotation mark omitted); *see also Kearney v. Cavalry Portfolio Servs., LLC*, 2014 WL 3778746, at *7-8 (E.D.N.Y. July 31, 2014) (holding that an assignment occurred where the contract "explicitly assign[ed] all rights for the purposes of collection" to the assignee, and distinguishing *Advanced Magnetics*, 106 F.3d at 18, in which the purported "assignor retained the right to his share of proceeds from litigation as well as the right to terminate the power of attorney, rights inconsistent with a total transfer of ownership").

Allscripts argues that the SPA ousts Etransmedia from real-party-in-interest status by divesting it of the "substantive legal right to be enforced" in this suit. Doc. 119 at 9. Allscripts's argument proceeds from Section 5(*l*) of the SPA, which grants the Agrawals "sole control" over the "Allscripts Litigation," including "the right to any and all amounts collected," and imposes on them the obligation to indemnify Etransmedia for any losses. Doc. 147 at p. 8, ¶ 16. Etransmedia agrees that the SPA transfers to the Agrawals all rights to the proceeds and all responsibility for the costs of the litigation. *Id*. at pp. 13-14, ¶¶ 20-21. However, Etransmedia disputes Allscripts's submission that Section 5(*l*) also "transferred to [the Agrawals] all responsibility for and control over this … litigation." *Id*. at pp. 8-9, ¶ 16.

Etransmedia's position is difficult to square with Section 5(*l*)'s granting the Agrawals "sole control" over the "Allscripts Litigation." *Ibid*. But even if Section 5(*l*) were ambiguous on that front, extrinsic evidence shows that Allscripts's view of the SPA is correct. *See In re Motors Liquidation Co.*, 943 F.3d 125, 131 (2d Cir. 2019) ("If an ambiguity is found, the court may accept any available extrinsic evidence to ascertain the meaning intended by the parties during the formation of the contract.") (internal quotation marks omitted). Formativ corporate representative Stefanizzi testified that the SPA "essentially carved [the Allscripts] litigation out of the purchase and left it with the Agrawals." Doc. 147 at pp. 9-10, ¶ 17; Doc. 120-2 at 11. Stefanizzi added that the Agrawals were "responsible for making decisions regarding litigation strategy," that no one at Etransmedia had "the authority to make those decisions," and that the litigation "lived with [the Agrawals and] did not come with the company." Doc. 147 at pp. 11-12, ¶ 18; Doc. 120-2 at 13-14.

Etransmedia retorts that Stefanizzi is not a legal expert and did not participate in the SPA's negotiation. Doc. 147 at pp. 9-12, ¶¶ 17-18. But Stefanizzi was Formativ's chief

7

administrative officer at the time it "took over" Etransmedia, Doc. 120-2 at 10, and his testimony accordingly sheds substantial light on what Formativ understood the SPA to accomplish as to the Allscripts Litigation. Significantly, Stefanizzi's understanding finds confirmation from the other side of the transaction, as former shareholder Vikash Agrawal likewise testified that the Agrawals "have sole control over the defense of the Allscripts litigation." Doc. 147 at p. 13, ¶ 19; Doc. 120-5 at 7. Etransmedia offers no evidence rebutting Stefanizzi's and Vikash's description of the parties' intentions. Etransmedia does observe that another former shareholder, Vikram Agrawal, testified that "Etransmedia" was "empowered to make decisions regarding this litigation," Doc. 147 at p. 13, ¶ 19, but Vikram clarified that he understood the SPA to so empower *only* the Agrawals, not the post-transaction Etransmedia entity. Doc. 120-6 at 3-4 (Vikram confirming that there is not "anyone else empowered to make any decisions in the litigation besides [Vikram], Vikash and Avin").

Etransmedia maintains that the mere "fact that a plaintiff must render money collected from its suit to someone else does not deprive the plaintiff of [real-party-in-interest] status." Doc. 146 at 12. That is correct, as the court's prior opinion recognized. 2018 WL 278719, at *3 ("[T]hat Etransmedia no longer had any direct material interest in the resolution of the Allscripts litigation[] does not deprive Etransmedia of real-party-in-interest status under federal law."). But as shown above, the SPA did far more than transfer the right to the proceeds of the litigation, and Etransmedia's brief is silent as to the effect of the SPA's explicit grant to the Agrawals of "sole control" over the litigation or the import of deposition testimony confirming that the litigation was "carved out" out of the sale to Formativ of Etransmedia's shares. Indeed, by arguing only that an interest in litigation proceeds alone would not make the Agrawals the sole real parties in interest—an undisputed proposition—Etransmedia has forfeited any other ground for opposing

Allscripts's submission that the Agrawals' right to the proceeds of litigation *together with* their sole control over the litigation make them the only real parties in interest. *See Nichols v. Mich. City Plant Planning Dep't*, 755 F.3d 594, 600 (7th Cir. 2014) ("The non-moving party waives any arguments that were not raised in its response to the moving party's motion for summary judgment."). In any event, forfeiture aside, Allscripts's view of the SPA is correct.

The other arrows in Etransmedia's quiver miss their mark. In its Local Rule 56.1(b)(3)(B) response, Etransmedia submits that the SPA "provides for the [Agrawals] to 'indemnify' Etransmedia, not to substitute for Etransmedia as a party … in any ongoing litigation." Doc. 147 at p. 8, ¶ 16. True enough, the SPA does not by itself substitute the Agrawals for Etransmedia as a party in any pending litigation, but a valid assignment does not require any such language. *See Cortland St. Recovery*, 790 F.3d at 418; *Martha Graham Sch.*, 43 F. App'x at 412-13; *Caribe Carriers*, 784 F. Supp. at 1126.

Etransmedia also argues that because other SPA provisions use the term "assignment," while Section 5(*l*) does not, the *expressio unius* principle precludes holding that Section 5(*l*) assigned the Allscripts Litigation to the Agrawals. Doc. 146 at 13-14. But, again, "no particular words or phrases are necessary [under New York law] to effect an assignment." *Kearney*, 2014 WL 3778746, at *8 (rejecting the argument that, because a purported assignor had itself previously been expressly assigned the legal claim, its failure to expressly assign that claim in a later agreement to a different party meant that the second assignment had not occurred).

Finally, Etransmedia contends that because this court previously held that the Agrawals "could not (in their own right) recover from Allscripts," holding now that Etransmedia is not a real party in interest "would produce an absurd result, where no party could bring the claim." Doc. 146 at 12 (internal quotation marks omitted). But the court never held that the Agrawals in

9

fact were not real parties in interest under Rule 17(a)(1) or that they could not recover from Allscripts. Rather, the court held only that the original complaint failed to "actually allege that [the Agrawals] in fact [were] Etransmedia's former shareholders or explain how they might recover from Allscripts," and therefore dismissed the Agrawals' claims without prejudice to repleading. 2018 WL 278719, at *4. Despite the court's express invitation to file an amended complaint, and for reasons unexplained, the Agrawals did not replead, resulting in the dismissal with prejudice of their claims.

The Agrawals' failure to replead and dismissal with prejudice has consequences. Rule 17(a)(3) provides that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action," and that "[a]fter ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3); *see Akbar v. Calumet City*, 632 F. App'x 868, 871 (7th Cir. 2015). In a footnote to its July 2019 summary judgment opposition brief, Etransmedia contends that "the Court could cure any [real-party-in-interest] problem [with Etransmedia] by permitting the Agrawals to 'ratify, join, or be substituted into the action' within a 'reasonable time.'" Doc. 146 at 12 n.4. Even assuming that a footnote in a brief, as opposed to a motion, is an appropriate vehicle for seeking substitution under Rule 17(a)(3), and even assuming that Etransmedia's July 2019 request is timely given that Allscripts raised the real-party-in-interest issue as an affirmative defense in January 2018, Doc. 46 at 36, Etransmedia cannot invoke the Rule to hand the baton to the Agrawals for one simple reason: the Agrawals' claims against Allscripts have been dismissed with prejudice. It is axiomatic that a party whose claims have been dismissed with prejudice—particularly where the dismissal arose from that party's

10

unexplained and unjustified failure to take action that the court expressly invited it to take—cannot nullify the dismissal by later joining the case under Rule 17(a)(3). *See* Fed. R. Civ. P. 17, 1966 Advisory Committee Note (explaining that Rule 17(a)(3) "is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made"); 6A Wright, Miller & Kane, Fed. Prac. & Proc. § 1555, at 571 (3d ed. 2008) (stating that "when the determination of the right party to bring the action was not difficult and when no excusable mistake had been made, then Rule 17(a)(3) is not applicable and the action should be dismissed"); *Consul Gen. of Republic of Indon. v. Bill's Rentals, Inc.*, 330 F.3d 1041, 1047-48 (8th Cir. 2003) (affirming the denial of a Rule 17(a)(3) motion where the party seeking to join the suit "was aware of the objection concerning real party in interest at least 18 months prior to the district court's ruling on the issue," reasoning that "[b]ecause the [party] had the opportunity to … amend the complaint, but purposely chose not to do so, … the district court did not err in dismissing the complaint with prejudice"); *see also DeKalb Cnty. Pension Fund v. Transocean Ltd.*, 817 F.3d 393, 412 (2d Cir. 2016) (holding that a party could not join the case under Rule 17(a)(3) where it had previously failed to exercise "minimal diligence" to join the case or bring its own) (internal quotation marks omitted); *Intown Props. Mgmt., Inc. v. Wheaton Van Lines, Inc.*, 271 F.3d 164, 171 (4th Cir. 2001) (same, where the entity's failure to become a party was not the result of an "understandable" mistake).

## Conclusion

Allscripts's summary judgment motion is granted. Because Etransmedia is not a real party in interest, its motion for partial summary judgment as to liability is denied. Allscripts's motion to strike is denied as moot because it is entitled to summary judgment even if none of Etransmedia's Local Rule 56.1 materials are stricken.

11

Etransmedia's motion to strike is denied as well. Etransmedia's general objection to the length and complexity of some paragraphs of Allscripts's Local Rule 56.1(a)(3) statement is without merit. Although certain paragraphs could have been shorter, that is primarily because Allscripts reproduced relevant deposition testimony or other evidence in the Local Rule 56.1(a)(3) statement, not because it combined several distinct facts into a single paragraph. And where Allscripts did combine multiple facts in a single paragraph, it did not do so in a way that frustrates the "purpose of Rule 56.1," which "is to have the litigants present to the district court a clear, concise list of material facts that are central to the summary judgment determination." *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 219 (7th Cir. 2015). Etransmedia's motion to strike is denied as moot as to the legal conclusions in Allscripts's Local Rule 56.1(a)(3) statement, the paragraphs exceeding the eighty permitted by the rule, and the asserted facts that Etransmedia argues are irrelevant, as the court did not consider any of those materials. Judgment will be entered in favor of Allscripts and against Etransmedia.

December 24, 2019 _____

United States District Judge